# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT
## OF TENNESSEE

IN THE MATTER OF:

WILLIAM A., a Minor Student,
*By and Through his Parents,*
E.A. and C.A.

*Plaintiffs*                                              NO. _____

v.

CLARKSVILLE-MONTGOMERY COUNTY SCHOOLS

*Defendant*

_____

# COMPLAINT

_____

**COME THE PLAINTIFFS, William A.**, through his parents, E.A. and C.A., filing this Complaint arising from a due process hearing under the Individuals with Disabilities Education Act. They show:

### I.  PARTIES AND JURISDICTION

1. William A. is the minor child who resides with his parents, E.A. and C.A. in Clarksville, Tennessee. (They are known and have been identified to Defendant through an underlying due process, and are seeking to use his first name only and initials herein to protect the student's identity).

2. Clarksville-Montgomery County Tennessee (CMCSS), the Defendant, operates Clarksville-Montgomery County Schools, and is vested with control and operations of the public-

school system within Montgomery County, Tennessee. Montgomery County receives state and federal funding to provide special education to persons with a disability, like William A., under the IDEA.

3. This action arises out of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq*. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331.

4. Venue is proper in this Court as this matter arose in Montgomery County, Tennessee, where an administrative due process hearing was already held. 28 U.S.C. §1391.

## II. FACTS

5. This case presents *another* historic failure to deliver dyslexia-specific interventions causing illiteracy in *another* CMCSS high school student.[1] He is now "finally—learn[ing] to read."

6. The Administrative Law Judge conducted a three-day administrative due process hearing from June 28, 2023 to June 30, 2023. The hearing concluded favorably for Plaintiffs, with a Final Order from Administrative Law Judge Phillip Hilliard awarding substantial compensatory education to William A. due to CMCSS's long-standing denial of FAPE to William. (**Ex. A**, Final Order). A copy of the Final Order is attached hereto, and those findings and conclusions are incorporated and made a part of this Complaint.

7. As the Final Order shows, Judge Hilliard found that Plaintiffs were the prevailing party for the denial of a free appropriate public education. (Ex. A, Final Order, p. 56). Judge Hilliard awarded William A. "888 hours of compensatory education in the form of 5 sessions per week, at 1 hour per session, of Dyslexia tutoring from a reading interventionist trained to provide

---

[1] The first was *Matthew B. v. CMCSS*, No. 3:22-cv-000675.

Dyslexia tutoring through the Wilson Reading and Language System." (Ex. A, Final Order, p. 56). Additionally, Judge Hilliard awarded "compensatory education in the way of CMCSS assessing W.A., for purposes of transition, through the use of an interest inventory, a career exploration assessment, and a vocational skills assessment." (*Id.*)

8. The only revision to the hearing officer's award being sought is *who* shall provide the 888 hours of compensatory education.

9. William A. has already begun receiving Dyslexia tutoring in the identical form ordered by Judge Hilliard from Sarah McAfee at the Dyslexia Center of Clarksville. Accordingly, to ensure continuity and that he receives the remediation from a qualified and certified provider for the dyslexia tutoring, he requests those 888 hours of compensatory education services be continued with the Dyslexia Center of Clarksville, at CMCSS expense, instead of William A. being required to await a sufficiently trained provider and then switching to that person within CMCSS.

10. Additionally, in a motion for reconsideration following the due process hearing, CMCSS took the position that CMCSS, not the Administrative Law Judge, should be able to choose the remedy for its years-long FAPE denial. CMCSS requested that they not be required to provide the dyslexia specific intervention of the Wilson Reading & Language System. However, William has already begun showing progress with the Wilson system through private tutoring by a certified provider at the Dyslexia Center of Clarksville. Accordingly, Judge Hilliard rejected CMCSS's request. (Ex. B, Order Denying Motion for Reconsideration).

11. Given testimony of a CMCSS school psychologist in the related case of *Matthew B. v. CMCSS*, No. 3:22-cv-000675,[2] along with CMCSS's stance in this case about the Wilson Reading system, Plaintiffs fear CMCSS's lacks the knowledge, training, and ability to implement the remedy awarded of substantial compensatory education.

12. Administrative law judges do not have authority to award the attorneys' fees and costs associated with the IDEA as that constitutes a monetary relief. For those, Plaintiffs must file this action in the District Court under IDEA.

## III. RELIEF SOUGHT

13. The foregoing paragraphs and Final Order (Ex. A) and Order Denying Motion for Reconsideration (Ex. B) are incorporated.

14. Plaintiffs seek continuity of services whereby the 888 compensatory education services should be performed by the Clarksville Dyslexia Center and paid for by CMCSS.

15. Plaintiffs also seek their litigation costs and reasonable attorneys' fees, including attorneys' fees of Justin S. Gilbert and Jessica F. Salonus and any other recoverable costs under IDEA and §1988. 20 U.S.C. §1415(i)(3)(B); 42 U.S.C. §1988.

16. Plaintiffs request a Court-ordered schedule with a date for briefing the two items referenced above: continuity of service provider to perform the compensatory education award and attorneys' fees and expenses (in the event the parties are not able to stipulate to the latter).

---

[2] "To my knowledge, none of my literacy transitions teachers have been provided formal training in any dyslexia specific interventions/programs that we have available in our district." (No. 3:22-cv-000675, D.E. 10-53; D.E. 10-3, Vol I, Christensen, pp. 50-51). Christensen believed that, for Matthew B., the Sarah McAfee with the Clarksville Dyslexia Center was necessary. (No. 3:22-cv-000675, D.E. 10-3, Vol. I, Christensen, p. 48).

Respectfully Submitted,

**GILBERT LAW, PLC**

/s Justin S. Gilbert

Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
Facsimile: 423.756.2233
justin@schoolandworklaw.com

**&**

**THE SALONUS FIRM, PLC**

/s Jessica F. Salonus
JESSICA F. SALONUS (28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
jsalonus@salonusfirm.com

***ATTORNEYS FOR PLAINTIFFS***

5